UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA FIRE CHIEFS ASSOCIATION, INC.,<br><br>Plaintiff<br><br>v.<br><br>HOWARD BACKER, in his Official Capacity as Director of the California Emergency Medical Services Authority, and DANIEL R. SMILEY, in his Official Capacity as Deputy Director of the California Emergency Medical Services Authority,<br><br>Defendants. | No. 2:15-cv-02351-TLN-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendants Howard Backer and Daniel R. Smiley's (jointly "Defendants") Motion to Dismiss.  (ECF No. 10.)  Plaintiff California Fire Chiefs Association, Inc. ("Plaintiff") filed an opposition to Defendants' motion.  (ECF No. 13.) Defendants filed a reply.  (ECF No. 14.)  The Court, having carefully considered the briefing filed by both parties, hereby GRANTS Defendants' Motion to Dismiss (ECF No. 10).

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brings this action on behalf of California Cities, Fire Protection Districts, and Joint Power Authorities ("Districts and Authorities").  (ECF No. 1 at 1.)  The Districts and Authorities  provide prehospital emergency medical services, primarily ambulance transportation,

1

as regulated by the EMS Act, California Health and Safety Code § 1979, *etc seq* ("Section 201"). (ECF No. 1 at 2.)  This section allows eligible cities and Fire Protection Districts to exclude competing emergency service providers from their jurisdictions.  (ECF No. 1 at 3.)  The Districts and Authorities exclude competing providers under this section and Plaintiff claims they are entitled to antitrust immunity under *Parker v. Brown*, 317 U.S. 341 (1943).  (ECF No. 1 at 3.)  Plaintiff asks the Court for declaratory relief to determine the parties' rights and obligations under *Parker v. Brown*.  (ECF No. 1 at 2.)  In that case, the U.S. Supreme Court held that the Sherman Antitrust Act's, 15 U.S.C. §§ 1, et seq, antitrust laws did not apply to state actions, whereas if private individuals made the same act, such actions would be in violation of the law.  *Brown*, 317 U.S. at 351.  Plaintiff alleges the Districts and Authorities can exclude competing providers of prehospital emergency services because it is permitted under Section 201 and antitrust laws do not apply to them under *Parker v. Brown*.  (ECF No. 1 at 2.)  Plaintiff asks the Court to confirm Plaintiff's reading of Section 201 in anticipation of potential lawsuits by third party EMS providers against the Districts and Authorities under the Sherman Antitrust Act.  (ECF No. 1 at 2.)

Plaintiff filed its complaint on November 12, 2015.  (ECF No. 1.)  Defendants filed a Motion to Dismiss on January 11, 2016, asserting that Plaintiff's claim is not ripe for adjudication, federal jurisdiction is not proper, Plaintiff lacks associational standing, sovereign immunity bars Plaintiff's claim, and that Plaintiff fails to state a claim upon which relief can be granted. (ECF No. 10-1 at 1.)  On February 11, 2016, Plaintiff filed an opposition.  (ECF No. 13.)  Defendants filed a reply on February 18, 2016.  (ECF No. 14.)

## II.   LEGAL STANDARD

A party may bring a motion to challenge a court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  The challenge can be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"When subject matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "'Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]'" *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir.2004). If the court determines at any time that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.    ANALYSIS

Defendants argue that Plaintiff's claim is not ripe for adjudication, federal jurisdiction is not proper, Plaintiff lacks associational standing, sovereign immunity bars Plaintiff's claim, and that Plaintiff fails to state a claim upon which relief can be granted. (ECF No. 10-1 at 1.) Because the Court finds Plaintiff's claim is not ripe for adjudication, the Court need not decide Defendants' remaining arguments. Defendants assert Plaintiff's claim is not ripe because Plaintiff is seeking declaratory judgment for a speculative future harm. (ECF No. 10-1 at 15.) Plaintiff contends that the claim is ripe because the parties dispute whether Section 201 permits excluding EMS providers, that Defendants misconstrue federal antitrust law underlying the parties' dispute, and that Defendants' position "could cost a Section 201 Eligible Provider its exclusivity and *Parker* immunity." (ECF No. 13 at 12.)

Article III standing has three elements:

> First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" . . . Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . Third, it must be "likely," as opposed to merely "speculative," that

the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (alterations in original) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* at 561 (alteration in original) (citation and internal quotation marks omitted). "Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (quoting *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).

Plaintiff brings a claim for declaratory relief to determine whether the *Parker* state-action immunity doctrine would allow Districts and Authorities to exclude EMS service providers from their jurisdictions without violating federal antitrust law. Plaintiff asserts that Defendants hold a different legal view on this point. However, Plaintiff has not shown an imminent, let alone actual, injury that will be inflicted on Districts and Authorities by Defendants. Plaintiff alleges that Districts and Authorities could face suit from competing third party providers if *Parker* state-action immunity does not apply to the jurisdictions. (See ECF No. 1 at ¶¶ 42, 45, 53.) While Plaintiff was served with a demand letter from the counsel of two EMS providers who had been excluded from the EMS system, Plaintiff has offered no evidence showing these providers would have chosen to follow through with filing an antitrust suit against Plaintiff. (ECF No. 1 at 13.) At most, Plaintiff alleges Districts and authorities may be worse off in the case of possible future litigation, which has not actually commenced. Plaintiff cites no authorities that stand for the proposition that being situated worse off in future litigation is enough to demonstrate imminent and actual injury.

Furthermore, these allegations do not satisfy the case or controversy requirement. "Such unasserted . . . and unknown claims do not present an immediate or real threat to [Districts and Authorities] such that declaratory relief is proper." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891,

4

896 (5th Cir. 2000). "[T]he mere existence of . . . a generalized threat of prosecution [does not] satisf[y] the 'case or controversy' requirement." *Thomas*, 220 F.3d at 1139. Therefore, Plaintiff's claim is not ripe for adjudication and it would be premature for the Court to decide whether Plaintiff has antitrust immunity under Section 201.

### IV. CONCLUSION

Defendants' Motion to Dismiss is GRANTED without leave to amend for lack of subject matter jurisdiction. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: December 26, 2016

Troy L. Nunley
United States District Judge